IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. L-04-216 (1) |
| | § | C.A. No. C-06-421 |
| EDGAR CONTRERAS-MARTINEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Edgar Contreras-Martinez's ("Contreras") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which consists of two separate documents, both of which the Clerk received on September 26, 2006. (D.E. 28, 29.)[1] In an order entered September 29, 2006, the Court noted that both documents referenced two different criminal cases, Cr. No. C-05-324 ("the Corpus Christi Case"), and Cr. No. L-04-216 ("the Laredo Case").[2] The Court ordered that the two documents be filed in both cases, and assigned separate corresponding civil action numbers. The Court further

---

[1] Unless otherwise noted, dockets entries refer to the criminal case, C-05-cr-324.

[2] When Contreras was indicted in the Corpus Christi Case, the probation office filed a petition seeking to revoke Contreras' supervised release term in the Laredo Case. Probation jurisdiction over the Laredo Case was transferred to this Division, and the Court revoked Contreras' supervised release term on the same date it sentenced him in the Corpus Christi case. (Cr. No. L-04-214, D.E. 25; Cr. No. C-05-423, D.E. 21.)

1

noted that, by filing the two documents listing identical grounds for relief, it appeared that Contreras was attempting to comply with the rule that a "moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Rule 2(d), RULES GOVERNING § 2255 PROCEEDINGS.

The Court ordered the government to file a separate response in each case. (D.E. 30.)  The government filed identical answers in the two cases on January 22, 2007. (D.E. 30-31; Cr. No. L-04-216, D.E. 38-39.)[3] Pursuant to the Court's Order (D.E. 30), Contreras had until February 26, 2007 to file a reply; to date, none has been received.

As discussed in more detail herein, Contreras' claims fail on the plain record of this case and do not entitle him to relief.  Accordingly, Contreras' motion is DISMISSED WITH PREJUDICE.  Additionally, the Court denies Contreras a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

The underlying offense in this case was illegal re-entry, in violation of 8 U.S.C. § 1326(a). (D.E. 1.)  Contreras pleaded guilty and was sentenced on June 14, 2004 to a 6-month term of imprisonment, to be followed by a one-year supervised release term. (D.E. 6, 11, 12.)  Judgment was entered on June 15, 2004. (D.E. 12.)  On June 9, 2005, as a

---

[3] By its order to file "separate" responses, the Court anticipated that the government would address each case *separately*.  Instead, the government filed a single, identical response in both cases.  The government is admonished to more carefully comply with the Court's orders.

2

result of the offense in the Corpus Christi Case, the Probation Office sought revocation of Contreras' supervised release term. (D.E. 15.) The case was transferred to Corpus Christi. (D.E. 15.)

On October 12, 2005, the Court revoked Contreras' supervised release term and sentenced him to 12 months in the custody of the Bureau of Prisons. (D.E. 25; D.E. 34, Transcript of Revocation Proceedings ("Rev. Tr.") at 7-9.) The sentence was specifically ordered to be served consecutively to the 60-month sentence imposed in the Corpus Christi Case. (Rev. Tr. at 9; D.E. 25 at 2; see Cr. No. C-05-324, D.E. 20, 21.) Judgment was entered October 17, 2005. (D.E. 25.)

Contreras did not appeal. His § 2255 motion was received by the Clerk of this Court on September 26, 2006. (D.E. 22, 23.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his two motions, Contreras lists four different grounds for relief. Only two of these, however, are arguably challenges to his sentence of revocation. The other two grounds clearly relate only to the Corpus Christi Case.[4] In the first of the two grounds pertinent to the instant care, Contreras claims that his counsel was constitutionally

---

[4] The two grounds that relate only to the Corpus Christi Case are: (1) his claim that the Court sentenced him to too long a sentence for illegal reentry and improperly utilized a 1985 felony in determining his sentence (D.E. 28 at "Ground One"; D.E. 29 at "Ground One"); and (2) his claim that he erroneously received two criminal history points for having an outstanding warrant in Case CM-90-297 (see PSR in Corpus Christi Case at ¶ 36) because he was not the person with the outstanding warrant. (D.E. 28 at "Ground Three"; D.E. 29 at "Ground Four".)

ineffective for not advising him that he could "apply" for the "fast track" program, and asks for the opportunity to receive the benefits of such a program. (D.E. 28 at "Ground Two"; D.E. 29 at "Ground Two".) In the second, Contreras claims that his counsel was deficient for failing to ask the Court to run his sentences in the Corpus Christi Case and the Laredo case concurrently, and he challenges the imposition of consecutive sentences. (D.E. 28 at "Ground Four"; D.E. 29 at "Ground Three".) As discussed herein, neither of Contreras' claims entitle him to relief.

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

The revocation of supervised release is a sentence, see United States v. Moody, 277 F.3d 719 (5th Cir. 2001), and is thus properly challenged in a motion under 28 U.S.C. § 2255. See 28 U.S.C. § 2255 (a prisoner claiming that "the sentence was imposed in violation of the Constitution or laws of the United States" may move the court which imposed the sentence to vacate, set aside or correct the sentence). There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow

range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B.  Ineffective Assistance of Counsel

Both of Contreras' claims are ineffective assistance of counsel claims and are thus properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C.      Contreras' Claim That His Counsel Should Have Advised Him to "Apply" for the "Fast Track" Program

In his first claim, Contreras faults his counsel for not advising him that he could "apply" for the "fast track" program, and asks for the opportunity to receive the benefits of such a program. (D.E. 28 at "Ground Two"; D.E. 29 at "Ground Two".) Because it is not clear from his allegation whether it relates to his sentence of revocation or only his sentence in the Corpus Christi Case, the Court addresses this claim.

By his repeated references to a "fast track" program, the Court presumes Contreras is referring to the type of program that allows certain defendants to plead guilty and to waive certain rights very early in the criminal process, in exchange for a motion for downward departure pursuant to U.S.S.G. § 5K3.1. Such "fast track" or "early disposition" programs were first approved by Congress in 2003 as part of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT ACT"). Section 401(m)(2)(B) of the PROTECT Act instructed the United States Sentencing Commission to create a policy statement authorizing a downward departure "pursuant to an early disposition program authorized by the Attorney General." Consequently, the Sentencing Commission adopted U.S.S.G. § 5K3.1, which provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

Attorney General Ashcroft formally created the fast-track program through a memorandum dated September 22, 2003 and authorized such programs in certain districts. According to Ashcroft, the programs "are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in U.S.S.G. § 3E1.1." September 22, 2003 Memorandum from Attorney General Ashcroft on Department Principles for Implementing an Expedited Disposition of Fast-Track Prosecution Program to All United States Attorneys, reprinted in 16 Fed. Sent. R. 134 (2003) ("Ashcroft Memo").  Once authorization has been granted to a specific district, the district may implement the program in a manner deemed appropriate by its United States Attorney, subject to certain restrictions. Id.

The United States Attorney for the Southern District of Texas has received approval to implement such a program in this District.  See United States v. Mejia, 461 F.3d 158, 161 (2d Cir. 2006) (noting that 13 of 94 federal districts have "early disposition" or "fast-track" programs for illegal reentry cases, including the Southern District of Texas).[5]  It is the Court's understanding that the United States Attorney for the Southern District of Texas

---

[5] See also October 29, 2004 Memorandum from James B. Comey, Deputy Att'y Gen., to U.S. Attorneys on Authorization of Early Disposition Programs (2004), available at http://sentencing.typepad.com/sentencing_law_and_policy/files/61005_govt_opposition_to_sg_variance_due_to_fasttrack.pdf (labeled as "Government's Exhibit 2") (giving continued authorization for fast-track program in the Southern District of Texas for illegal reentry cases, transporting or harboring of illegal alien cases, and, in the Laredo Division, for drug cases arising along the border).

offers the program in other divisions within this District for certain types of cases, but it does not offer it in the Corpus Christi division.[6]

Contreras has not presented any evidence showing that the program has been offered in any cases filed in the Corpus Christi division. Significantly, moreover, the downward departure allowed by U.S.S.G. § 5K3.1 requires a motion ***by the government*** and no such motion was ever made in this case.

In short, Contreras has not provided any evidence that an early disposition program was available to him or that he could have received any benefit from the program. Accordingly, his counsel was not deficient for failing to tell him to "apply" for it, nor is there any prejudice to Contreras as a result of such failure. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

**D.     Ineffective Assistance Based on Failure to Request Concurrent Sentences**

IN his second claim challenging his revocation, Contreras asserts that his counsel was deficient for failing to ask the Court to run his sentences in the Corpus Christi Case and the Laredo case concurrently, and he challenges the imposition of consecutive sentences. (D.E. 28 at "Ground Four"; DE. 29 at "Ground Three".)

---

[6] Moreover, the Court's understanding is that the program is not available at all to defendants who are having their terms of supervised release revoked, but rather only to defendants who are being convicted of an underlying offense. Contreras has submitted nothing to demonstrate the Court's understanding is wrong.

8

The imposition of consecutive sentences in this case was completely proper. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of ... supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."); see also U.S.S.G. § 5G1.3(c) & appl. note 3(C) (Sentencing Commission recommends that the sentence for an offense be imposed consecutively to the sentence imposed for a revocation).

Additionally, in response to counsel's request for a sentence at the low end of the guidelines, the Court made clear that it believed the overall sentence being imposed was not overly harsh:

> MR. MONTELONGO: Your Honor, we'd ask that he be given six months in this case. We believe that the time he has already been given in the concord case, the basis for this revocation, is quite extensive.
>
> THE COURT: The time he was given previously was a gift.
>
> MR. MONTELONGO: Excuse me, Your Honor?
>
> THE COURT: The time he was given previously was a gift.
>
> MR. MONTELONGO: Yes, Your Honor.
>
> THE COURT: He is a repeat criminal .
>
> MR. MONTELONGO: I understand, Your Honor.

>THE COURT: He is completely out of control.

(Rev. Tr. at 8.) The Court ultimately sentenced Contreras to the maximum punishment possible on the revocation, 12 months.

It is clear from the foregoing that, even if defense counsel had asked for concurrent sentences, the Court would not have ordered them. Thus, Contreras cannot establish prejudice and his claim fails. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000) (where a defendant claims that his counsel was ineffective at sentencing, he establishes prejudice by showing that there is a reasonable probability that but for counsel's alleged errors, the sentencing would have been different); United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004) (in order to show prejudice as a result of ineffective assistance of counsel at sentencing, a defendant must demonstrate a reasonable probability that he would have received a lesser sentence).

For all of the foregoing reasons, Contreras' § 2255 claims fail.

### E.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Contreras has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Contreras' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Contreras is not entitled to a Certificate of Appealability.

## V. CONCLUSION

For the foregoing reasons, Contreras' motion to vacate, correct, or set aside his

sentence pursuant to 28 U.S.C. § 2255 (D.E. 28, 29) is DISMISSED WITH PREJUDICE.

Contreras is also DENIED a Certificate of Appealability.

Ordered this 30th day of March, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE